Quillian S. Yancey State Attorney Bartow
QUESTION:
When, prior to adoption of the present Art. V of the State Constitution, a county had furnished vehicles and gasoline to the prosecuting officer of a criminal court of record, and to his investigators, to be used by them in the performance of their official duties, may or must the county now provide vehicles and gasoline to the state attorney and his investigators for the same purpose and under the same circumstances?
SUMMARY:
The state, rather than the county, is responsible for costs of transportation services of the state attorney's office for its official use, except for those services provided on a centralized basis in fiscal year 1973-1974 to all units of county government and made available for use of the state attorney's office, which cost of services was not prorated, even though the county furnished transportation services to the prosecuting officer of the Criminal Court of Record prior to the adoption of revised Art. V, State Const., effective January 1, 1973. However, where the county has previously been providing automobiles to the state attorney's office for use in the operation of that office, it should continue to do so under the terms of the proviso appended to the 1976 General Appropriations Act requiring counties to continue to provide the state attorneys any operating capital outlay items presently being provided by the counties.
Essentially, your question asks whether the state or the county should pay the vehicle and gasoline costs when the state attorney or his staff is on official business, under the circumstances you describe.
I believe the answer to your question to be unaffected by the fact that the county paid such expenses for the prosecuting officer of the criminal court of record before the adoption of the present Art. V, State Const. Clearly, the question of the county's providing transportation for your office must be examined in light of some constitutional or statutory authorization for such payment. Unless specific authority is granted to the county to pay for such services for the state attorney, the county may not do so, regardless of what services it provided for the use of the prosecuting officer of a former subordinate court. Hence, we must examine the applicable provisions of law regarding operation and costs of the state attorney's office to determine what services are provided and by whom. Section 27.34(1), F. S. 1975, provides that `[n]o county or municipality shall appropriate or contribute funds to the operation of the various state attorneys.' Section27.34(2) provides:
 The state attorney shall be provided by the counties within their judicial circuits with such office space, utilities, telephone service, custodial services, library services, transportation services, and communication services as may be necessary for the proper and efficient functioning of these offices. The office space to be provided by the counties shall not be less than the standards for space allotment promulgated by the Department of General Services nor shall these services and office space be less than were provided in fiscal year 1972-1973. (Emphasis supplied.)
In AGO 073-458, I interpreted the quoted section in light of legislative intent expressed in Ch. 73-335, Laws of Florida, the 1973 General Appropriations Act, and legislative comments appended to the appropriations for the several state attorneys, and concluded that `transportation services `provided for common use
by county governmental units' are now to be made available to each state attorney `as may be necessary for the proper and efficient functioning of these offices."
A proviso appended to the General Appropriations Act of 1976, Ch.76-285, Laws of Florida, following items 755-774, indicates that the conclusion reached in AGO 073-458 remains unchanged. That proviso states:
 Provided, however, office space, and related expenses for custodial services and utilities shall continue to be provided by the counties as prescribed by section 27.34(2), F. S. Any operating capital outlay items now provided by county [sic] to state attorneys shall continue to be provided. Notwithstanding section 27.34(2), F. S., only centralized county services as provided in FY 73-74 to all units of county government for which cost of services are not prorated may be continued. (Emphasis supplied.)
It should be noted that the identical proviso is appended to the 1974 and 1975 General Appropriations Acts following respectively items 734-753 and 795-814. It is not, of course, within the power of this office to make a determination upon either the wisdom or the constitutionality of such a proviso. I must, therefore, presume its validity and give effect to it. Hence, the transportation services which the county must provide as required by s. 27.34(2) are limited to such centralized county transportation services as were provided by the county in fiscal year 1973-1974 to all units of county government and made available for use by the state attorney's office, for which the costs of such services were not prorated.
Our next inquiry is whether your office meets these specifications. It appears, on the basis of my conversations with you and with the county auditor, that your office has been provided with both automobiles and gasoline by the county at least since fiscal year 1972-1973. In that year, it seems that when the county solicitor's office was phased out, the automobiles allotted to that office were transferred to your office, resulting in the county's providing you with four automobiles and $788.89 in gas and oil for that fiscal year. In 1973-1974, two cars were apparently traded in on new ones and $217 for gas and oil was provided. In fiscal year 1974-1975, it appears again that two cars were traded for new ones and that $551 for gas and oil was provided. In 1975-1976, no new cars were provided (the four older ones were retained for your use, however) but $299 for gas and oil came from county funds. In fiscal year 1976-1977, a new additional car has apparently been ordered.
It is clear that the county did not provide centralized transportation services to all units of county government, and that, hence, centralized services were not made available for use by your office in 1973-1974. Rather, transportation services were provided by the county to the county solicitor's office prior to 1973 and to your office thereafter solely for use of the office to which they were provided and not for common use. Under these conditions, it is the opinion of this office that state, not county, funds must be used to pay for transportation service costs incurred for your official office use. Incidentally, I should also note, in light of your mentioning that transportation services were provided by the county to the county solicitor, that the solicitors were county officers rather than state officers. See
ss. 32.16, 32.23, and 32.24, F. S. 1971. Therefore, simply because the county may quite appropriately have provided services for a county officer, it does not follow that such services should now be necessarily provided by the county to a state officer.
The proviso appended to the 1976 General Appropriations Act, and quoted in full above, also provides that `[a]ny operating capital outlay items now provided by county (sic) to the state attorneys shall continue to be provided.' This sentence in the proviso must also, of course, be presumed valid and given full effect by this office. The term `operating capital outlay' is statutorily defined, for the purposes of the fiscal affairs of the state, appropriations acts, and budgets, as `equipment, including bound books, fixtures, and other tangible personal property of a nonexpendable nature, the normal expected life of which is one year or more.' Section 216.011(1)(q), F. S. 1975. These items must continue to be provided by the counties if presently provided. We must, therefore, explore this definition of the term to see if it might include, in the present context, any items connected with transportation services.
The term `equipment,' as used in the term `operating capital outlay,' may be defined as `that which is needful or necessary . . . to enable one to do the work involved; whatever is needed for efficient action or service,' 30 C.J.S. Equipment or as `the physical facilities available for production including machines and tools,' 14A Words and Phrases Equipment. Under these accepted definitions, the term `operating capital outlay' includes those items which are needful and necessary to do a certain job and which are of a nonexpendable nature and the normal expected life of which is one year or more. It should be noted that the word `equipment' in the definition is followed immediately by the phrase `including bound books, fixtures, and other tangible personal property . . . .' I find that this clause in no way limits the definition of `equipment' to bound books, fixtures, or things of a similar nature. The word `include' is not a term of limitation; rather, it is a term of enlargement, meaning that the enumerated items are specifically within the definition but that other items are also encompassed therein. Argosy Limited v. Hennigan, 404 F.2d 14 (5th Cir. 1968); 42 C.J.S. Include. Hence, as used in s. 216.011(1)(q), F. S., the term `equipment' is not restricted in any way to the enumerated things, but, rather, includes all items of tangible personal property of a nonexpendable nature with a normal life expectancy of one year or more, whatever the nature or characteristics of such property. Therefore, an automobile that is needful and necessary for the proper operation and functioning of a state attorney's office would be within the comprehension of `operating capital outlay.' The aforementioned proviso states that `any operating capital outlay items' now provided must continue to be provided by the county. The phrase `any . . . items' must surely comprehend anyand all such items, including automobiles (but excluding gas, oil, and maintenance costs) now provided by the county. I conclude, based upon the terms of the proviso in the appropriations act and upon the definition of the term `operating capital outlay' referred to therein, that until legislatively or judicially declared otherwise, the county should continue to provide the state attorney's office with such automobiles (but not gas, oil, or other maintenance costs) as are needful and necessary to the efficient operation of the office where the county has previously furnished and presently furnishes such automobiles.
My inquiries have determined that the county in question has furnished the state attorney's office with automobiles in the past for use in its operations; the county should, therefore, continue this practice under the terms of the proviso appended to the 1976 General Appropriations Act.
My conclusion that transportation services may not be provided (with the exception of capital outlay items discussed above) unless centralized transportation services were provided by the county in fiscal year 1973-1974 to all units of county government and made available to the state attorneys and were not prorated finds support in several opinions previously issued by this office. See AGO's 073-329, 073-458, 074-74, and 076-71. However, as mentioned in AGO 076-71, the 19th Judicial Circuit Court rendered an opinion in January 1974 rejecting the interpretation set forth in AGO 073-329, that only the costs of installation of telephone service or of connection with a central PBX system should be paid by the county. Schwarz v. Glucker, No. 73-607-CA (19th Jud. Cir. 1974). The court on the basis of s. 27.34(2), F. S., ordered the county to pay the costs of all telephone services including months charges and long distance calls. Transportation services are clearly analogous to communication services. Yet, while I deferred in AGO 076-71 to the circuit court's opinion regarding communication services, I note that the court there did not consider the issue in light of the proviso set forth above as appended to the General Appropriations Act, which I must take to be presumptively valid. I, therefore, adhere (as I did in AGO 076-71 regarding the transportation expenses of a state attorney's office) to my interpretation that the county is required to provide only `centralized county transportation services' that were provided in fiscal year 1973-1974 to all units of county government for which cost of services was not prorated.
Prepared by: Sharyn L. Smith and Frank A. Vickory, Assistant Attorneys General